*115
 
 Stephenson, J.
 

 The errors complained of are: First, errors of law occurring when the trial judge permitted testimony of other fires to be admitted in evidence, under the provisions of Section 13444-19, General Code, without proving the incendiary origin of same or that they were similar or like offenses to that set out in the indictment; second, failure of the court in its charge to the jury to specifically limit said testimony to the purposes of its reception as evidence, as set out in said section; and, third, error committed by the court in failing to direct a verdict for Russo at the close of the state’s case, and for failure to prove the
 
 corpus delicti
 
 of the offense.
 

 These allegations of error will be considered in inverse order.
 

 The
 
 corpus delicti
 
 in this case is the incendiary origin of the fire. It has been well settled in this state, in the case of
 
 State
 
 v.
 
 Maranda,
 
 94 Ohio St., 364, 114 N. E., 1038, paragraph 1 of the syllabus, that: “By the
 
 corpus delicti
 
 of a crime is meant the body or substance of the crime, included in which are usually two elements: 1. The act. 2. The criminal agency of the act.”
 

 There was some testimony to prove the incendiary origin of this fire and likewise to prove that Russo was responsible for its origin.
 

 Men do not commit the offense of arson in public. In practically every case of arson the incendiary origin must be determined from the surrounding circumstances. The testimony in this case developed the following facts:
 

 The accused operated a grocery store, which he rented from the owner two or three months before the date of this fire. He had one employe, a young lady, who left the store in the evening before he left. Russo was the only person who had access to the store. On the evening preceding the fire he closed the store about 10 o’clock, and near midnight there was an ex
 
 *116
 
 plosion in the store, with the resulting fire. When the firemen arrived they discovered that the front of the store had been blown out and glass and merchandise had been blown across the street, and that the walls of the store bulged perceptibly on each side. The firemen also discovered an electric toaster in the rear of the store, and gasoline-soaked rags. One wire from the toaster led from the rear room through the store down into the basement, where it was attached to an electric light socket. Another wire from the toaster led out through the rear room, and at the end of this wire there was a switch. It was also discovered that the gas burners of the stove in the store were turned on.
 

 Russo, upon being interrogated by the fire marshal, gave a harrowing story of being blindfolded, taken “for a ride,” cut and robbed. He further said that he was treated by a doctor, but that he did not know who the doctor was or where he was located, as he was blindfolded; that his abductors took him home and warned him not to tell the police of the occurrence; that he did not tell his wife, and did not tell the police; that immediately thereafter he was notified that his store was on fire.
 

 Russo made a written statement to this effect, and in this written statement he makes reference to two previous fires in the house where he lived, one about two and a half years and one about a month prior to the fire in question here.
 

 It is further developed from the testimony that Russo carried insurance in the sum of $5,000 on the stock and fixtures, and that he had filed a claim for that amount.
 

 Russo did not take the witness stand in his own behalf.
 

 We think there is no question that the
 
 corpus delicti
 
 was proven, and that the trial court committed no
 
 *117
 
 error in refusing to direct a verdict for Russo at the close of the state’s case.
 

 The court, in his charge to the jury, should have limited the testimony with reference to previous fires; but no request was made by counsel for Russo, and this question is not saved.
 

 The court should have charged the jury on the question of circumstantial evidence, as the evidence in the case was circumstantial; but no request was made of the court at any time to so charge, hence there was no prejudicial error.
 

 We think that counsel for Russo are correct on the proposition of law that before the previous fires would be admissible under Section 13444-19, General Code, it should have been proven that they were of incendiary origin. That does not necessarily mean that the fire would have to have been started in substantially the same manner as the one charged in the indictment. It would mean that these fires were the result of human agency.
 

 Section 13444-19, General Code, is,. as has been stated by this court heretofore, simply a reiteration of the common law. It is insisted that it was shown that one of these fires was of incendiary origin, but that the state failed to prove the other fire was of incendiary origin, and that the record discloses that when the state attempted to show that there had been previous fires in property occupied by Russo his counsel objected and exceptions were saved, but that when Russo’s written statement, in which he referred to these fires, was offered in evidence,- no objection was made. It was received in evidence as an exhibit, and was sent to the jury.
 

 Russo’s statement in all probability contained some infirmities; but since his counsel were satisfied to permit it to go to the jury without objection or exception, they cannot be heard to complain.
 

 The fact that they objected to the testimony relative
 
 *118
 
 to the previous fires when it was being adduced on the witness stand does not help them save the question.
 

 We see no prejudicial error in the record, and the judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Day, Allen, Jones and Matthias, JJ., concur.
 

 Weygandt, C. J., and Kinkade, J., not participating.